# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ARDELL KENNEDY, | : | CIVIL ACTION |
| --- | --- | --- |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, *et al.*, | : | NO. 17-2338 |
| Defendants. | : | |

## MEMORANDUM

**PAPPERT, J.**                                                                     **OCTOBER 23, 2017**

      Ardell Kennedy brings this civil action pursuant to 42 U.S.C. § 1983 against the City of Philadelphia, Mayor James Kenney, Commissioner Richard Ross, the Philadelphia Police Department, Philadelphia Police Officers Nathaniel Haper, Richard Kurth, Joseph McCauley, Derrick Jones, Richard Lynch, Jr., Junius Smalls, Taven Washington, Gregory Fagan, Jr., Patrick Love, Jr., and Wright, former District Attorney Seth Williams, Assistant District Attorneys Lou Tumolo, Courtney Malloy, Jennifer Friend-Kelly, and Jennifer O. Andress, Judges Sheila Woods-Skipper, Joyce O. Eubanks, Daniel J. Anders, and Giovanni Campbell, and defense attorneys Keir Bradford-Grey, Marit Anderson, Joseph Patrick McPeak, Tess Senderowicz, and Jilozian Edwards. Kennedy raises claims of false arrest and malicious prosecution related to criminal proceedings in the Philadelphia Court of Common Pleas.

      On May 22, 2017, the Court received Kennedy's initial complaint. On July 19, 2017, the Court granted Kennedy leave to proceed *in forma pauperis*, dismissed his initial complaint, and allowed him to file an amended complaint within thirty (30) days. (ECF No. 9.) He did so on July 26, 2017. (ECF No. 11.) On July 31, 2017, the Court stayed further proceedings in this case until Kennedy informed the Court that his criminal case had been resolved. (ECF No. 12.)

On September 26, 2017, the Court received a letter from Kennedy stating that he had been acquitted of all charges and that he wished to "move forward with [his] civil suit." (ECF No. 13.) He filed a Second Amended Complaint on October 16, 2017 (ECF No. 14), which the Court now dismisses.

## I.

On October 30, 2014, Kennedy was arrested for "allegedly [selling] drugs out of 2451 W Toronto St." (Second Am. Compl. ¶ 1.) He was charged with possession of a controlled substance with intent to deliver and criminal conspiracy. (*Id.*) Kennedy contends that the officers who arrested him did so "without probable cause and without a search warrant," and that they conspired to violate his constitutional rights. (*Id.*) He also alleges that various prosecutors, judges and defense attorneys violated his rights during his criminal proceedings. A review of public dockets reflects that Kennedy's criminal proceedings were dismissed on September 19, 2017, and that a "[m]istrial was intentional conduct of Commonwealth witness (Police Officer McCauley)." *See Commonwealth v. Kennedy*, Docket No. CP-51-CR-0012955-2014 (Phila. Ct. Common Pleas).

## II.

Since the Court previously granted Mr. Kennedy leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies. That statute requires the Court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* The Court may also dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002); *see also McPherson v. United States*, 392 F. App'x 938, 943 (3d Cir. 2010). The Court may also consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). As Kennedy is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III.

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Kennedy's Second Amended Complaint fails to allege a meritorious claim against any of the named defendants.

#### A. Claims against the City, Police Department, Mayor Kenney, and Commissioner Ross

Kennedy has not stated a claim against the City of Philadelphia because he has not alleged a municipal custom or policy that led to the violation of his rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (municipal liability under § 1983 must be predicated upon a municipal policy or custom). Furthermore, the Philadelphia Police Department is not a separate legal entity that can be sued. *See Regalbuto v. City of Phila.*, 937 F. Supp. 374, 377 (E.D. Pa. 1995). Moreover, nothing in the Second Amendment Complaint plausibly suggests that Mayor Kenney and Commissioner Ross had any personal involvement in Kennedy's case such that they could be held responsible for anything related to Kennedy's prosecution. *See*

3

*Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 320 (3d Cir. 2014), *reversed on other grounds*, *Taylor v. Barkes*, 135 S. Ct. 2042 (2015).

### B. Claims against the Police Officers

According to Kennedy, the named police officers violated his rights on October 30, 2014 by arresting him "without probable cause and without a search warrant." (Second Am. Compl. ¶ 1.) He also contends that on November 17, 2014, Officer McCauley violated his rights by "testif[ying] . . .that he went and [obtained] a search warrant[,] committing [perjury] and falsification." (*Id.* ¶ 2.) Kennedy alleges that all of the named officers conspired to violate his rights. (*Id.* ¶¶ 1-2.)

In § 1983 actions, federal courts courts apply the statute of limitations governing personal injury claims in the state where the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Pennsylvania, the relevant statute of limitations is two years. *See* 42 Pa. Cons. Stat. § 5524. The limitations period begins to run from the time "the plaintiff knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). Here, Kennedy alleges he was falsely arrested on October 30, 2014, so his claim accrued on that date. *See Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998). His claim regarding false testimony accrued on November 14, 2014, when Kennedy knew or should have known that Officer McCauley testified falsely. Kennedy did not file his initial complaint until May 17, 2017—more than two years after he knew or should have known of the basis for these claims.[1] Accordingly, these claims are time-barred.

---

[1] When Kennedy filed his initial complaint, he was incarcerated at the Curran-Fromhold Correctional Facility. Pursuant to the prison mailbox rule, a prisoner's complaint is considered filed at the time he or she hands it over to prison authorities for forwarding to the Court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). The initial complaint reflects that Kennedy gave it to prison authorities for mailing on May 17, 2017.

4

As noted above, Kennedy's criminal proceedings were dismissed and a mistrial was declared. According to the docket sheet, the mistrial was attributed to "intentional conduct" by Officer McCauley. While Kennedy has asserted malicious prosecution claims, the Second Amended Complaint, as pled, fails to state a malicious prosecution claim against Officer McCauley based upon his conduct at trial. Given Kennedy's *pro se* status, it would be in the interest of justice to allow Kennedy leave to file a third amended complaint solely against Officer McCauley.

### C. Claims against the District Attorneys

Kennedy next alleges that the Philadelphia District Attorney's Office "decided to prosecute [him] knowing they didn't have a solid case against [him]." (Second Am. Compl. ¶ 2.) According to Kennedy, Assistant District Attorney Kelly "knew from the very beginning that Officer McCauley '5026' was lying and decided to conspire[] with him to violate [Mr. Kennedy's] constitutional rights." (*Id.*) Kelly "knew that she was lacking probable cause and a search warrant" but "still move[d] forward with prosecuting [Kennedy] without the proper documents." (*Id.*) According to Kennedy, District Attorney Seth Williams and Assistant District Attorneys Tumolo, Malloy, Andress, Jenemann, Iannacone, Golden, Wainwright, Buntin, Kermey, and Meintel also conspired to violate his constitutional rights. (*Id.*) The named prosecutors, however, are entitled to absolute prosecutorial immunity from any claims for monetary damages based on their involvement in Kennedy's prosecution. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 348-49 (2009); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976).

### D. Claims against the Defense Attorneys

Kennedy also contends that defense attorneys Keir Bradford-Grey, Marit Anderson, Joseph Patrick McPeak, Tess Senderowicz, and Jilozian Edwards violated his constitutional

5

rights during his criminal proceedings. However, public defenders and defense attorneys are not state actors subject to liability under § 1983 by virtue of their representation of criminal defendants. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981). Kennedy's claims against these defendants are dismissed accordingly.

### E. Claims against the Judges

Finally, Kennedy claims that Judge Eubanks "knew from the beginning that this was a frivolous case and still held this case over for trial." (Second Am. Compl. ¶ 3.) He contends that Judge Eubanks "knew that she never signed or sealed a[n] affidavit or search warrant." (*Id.*) Kennedy alleges that Judge Eubanks conspired with Judges Woods-Skipper, Sanuck, Erdos, Anders, and Campbell to violate his constitutional rights. (*Id.*) Kennedy's claims against the named Judges, however, are legally frivolous because absolute judicial immunity precludes Kennedy from asserting constitutional claims under § 1983 based on the way the Judges handled matters in state court. *See Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam) (discussing judicial immunity and amendments to § 1983 limiting injunctive relief against a judicial officer).

## IV.

For the foregoing reasons, the Court dismisses Kennedy's Second Amended Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court dismisses with prejudice Kennedy's claims against any immune defendants and his public defenders, as well as his claims challenging his arrest and the provision of allegedly false testimony on November 17, 2014, because amendment to those claims would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-13 (3d Cir. 2002). Kennedy will be given leave to file a third amended complaint with respect to any malicious prosecution claim he may wish to assert against Officer

McCauley regarding McCauley's conduct during Kennedy's trial.  If Kennedy wishes to file a third amended complaint, he must describe in detail his claims against Officer McCauley, the facts giving rise to those claims, and how he was harmed.  A blank copy of a form complaint will be included, which Kennedy may use to file his third amended complaint.  An appropriate order follows, which shall be docketed separately.

*/s/ Gerald J. Pappert*