# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ARDELL KENNEDY, | : | CIVIL ACTION |
| :--- | :--- | :--- |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, *et al.*, | : | NO. 17-2338 |
| Defendants. | : | |

## MEMORANDUM

**PAPPERT, J.**                                                                                         **JANUARY 26, 2018**

On May 22, 2017, Ardell Kennedy brought this civil action pursuant to 42 U.S.C. § 1983 against the City of Philadelphia, the Philadelphia Police Department, Officer Joseph McCauley, and various other individuals. Kennedy raised claims of false arrest and malicious prosecution related to criminal proceedings in the Philadelphia Court of Common Pleas.

On July 19, 2017, the Court granted Kennedy leave to proceed *in forma pauperis*, dismissed his initial Complaint, and allowed him to file an amended complaint within thirty (30) days. (ECF No. 9.) He did so on July 26, 2017. (ECF No. 11.) On July 31, 2017, the Court stayed further proceedings in this case until Kennedy informed the Court that his criminal case had been resolved. (ECF No. 12.) On September 26, 2017, the Court received a letter from Kennedy stating that he had been acquitted of all charges and that he wished to "move forward with [his] civil suit." (ECF No. 13.) Kennedy subsequently filed a Second Amended Complaint on October 16, 2017. (ECF No. 14.) By Memorandum and Order entered on October 23, 2017, the Court dismissed the Second Amended Complaint for failure to state a claim. *Kennedy v. City of Phila.*, No. 17-2338, 2017 WL 4776837, at *3 (E.D. Pa. Oct. 23, 2017). Specifically, the Court dismissed with prejudice "Kennedy's claims against any immune defendants and his

public defenders, as well as his claims challenging his arrest and the provision of allegedly false testimony on November 17, 2014." *Id.* The Court gave Kennedy leave to file a third amended complaint "with respect to any malicious prosecution claim he may wish to assert against Officer McCauley regarding McCauley's conduct during Kennedy's trial." *Id.*

On November 1, 2017, Kennedy filed a Notice of Appeal of the Court's October 23, 2017 Memorandum and Order. (ECF No. 17.) Two days later, he filed a request for counsel. (ECF No. 19.) On November 6, 2017, Kennedy filed a Third Amended Complaint against the City of Philadelphia, the Philadelphia Police Department, and Officer McCauley. (ECF No. 18.) On January 23, 2018, the United States Court of Appeals for the Third Circuit dismissed Kennedy's appeal for lack of appellate jurisdiction. (*See* ECF No. 22.) Accordingly, this Court may now consider Kennedy's Third Amended Complaint. For the reasons set forth below, the Third Amended Complaint will be dismissed with prejudice.

**I.**

Kennedy alleges that on October 30, 2014, Officer McCauley arrested him "without probable cause and without a search warrant . . . for allegedly [selling] drugs out of 2451 W. Toronto St." (Third Am. Compl. at 3.) Kennedy was charged with possession of a controlled substance with intent to deliver and criminal conspiracy. (*Id.*) On November 17, 2014, at Kennedy's preliminary hearing, Officer McCauley "testified that he saw [Kennedy] make three (3) drugs transactions then arrested [him] and went to obtain a search warrant but there's no search warrant on record." (*Id.*) Kennedy alleges that in so testifying, Officer McCauley "knowingly and deliberately and with a reckless disregard for the truth made false statements." (*Id.*)

Kennedy further contends that at his September 19, 2017 jury trial, "the Judge instructed the prosecutor to inform Officer McCauley not to speak about certain things and he did anyway." (*Id.*) A review of public dockets reflects that Kennedy's criminal proceedings were dismissed on September 19, 2017, and that a "[m]istrial was intentional conduct of Commonwealth witness (Police Officer McCauley)." *Commonwealth v. Kennedy*, Docket No. CP-51-CR-0012955-2014 (Phila. Ct. Common Pleas).

## II.

As noted above, the Court previously granted Kennedy leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Third Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* The Court may also dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002); *see also McPherson v. United States*, 392 F. App'x 938, 943 (3d Cir. 2010). Furthermore, the Court may consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). As Kennedy is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

**III.**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As discussed below, Kennedy's Third Amended Complaint fails to allege a meritorious claim against Officer McCauley.[1]

Kennedy asserts claims against Officer McCauley based upon the officer's alleged conduct on October 30, 2014, November 17, 2014, and September 19, 2017. In its October 23, 2017 Memorandum and Order, the Court dismissed as time-barred Kennedy's claims of false arrest and false testimony predicated on Officer McCauley's October 30, 2014 and November 17, 2014 alleged conduct. *Kennedy*, 2017 WL 4776837, at *2 (citations omitted). Accordingly, these claims provide no basis for relief against Officer McCauley.

While Kennedy's claim concerning Officer McCauley's testimony on September 19, 2017 is timely, it is barred by absolute witness immunity. Individuals are entitled to absolute immunity from claims based on testimony proffered at trial. *See Briscoe v. LaHue*, 460 U.S. 325, 329-30 (1983). Because Kennedy's claim against Officer McCauley is based solely upon Officer McCauley's testimony in his criminal case, Officer McCauley is entitled to absolute immunity.

---

[1] Kennedy again named the City of Philadelphia and the Philadelphia Police Department as defendants. In its October 23, 2017 decision, however, the Court dismissed Kennedy's claims against these entities with prejudice. *Kennedy*, 2017 WL 4776837, at *2-3. The Court specifically noted that Kennedy's Third Amended Complaint was only to raise malicious prosecution claims against Officer McCauley. *Id.* at *3. In any event, Kennedy has again not stated a claim against the City because he has not alleged a municipal custom or policy that led to the violation of his rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (municipal liability must be predicated upon a municipal policy or custom). Furthermore, the Philadelphia Police Department cannot be sued, as it is not a legal entity separate from the City. *See Regalbuto v. City of Phila.*, 937 F. Supp. 374, 377 (E.D. Pa. 1995).

## IV.

For the foregoing reasons, the Court will dismiss Kennedy's Third Amended Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Kennedy will not be permitted to file a fourth amended complaint, as amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-13 (3d Cir. 2002). Kennedy's request for counsel will be denied as moot. An appropriate Order follows, which shall be docketed separately.

*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**